IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL ASAD VILLAGRAN, #834583, and DENZIL LAWRENCE, <br><br>  Plaintiffs, <br><br> vs. <br><br> BRUCE WILLIAMS, WILL MILLER, and CHESTER MENTAL HEALTH CENTER, <br><br>  Defendants. | Case No. 18-cv-915-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for case management. The Complaint (Doc. 1) was filed by two individuals who are in custody at Chester Mental Health Center ("Chester"). Together, they filed a Complaint that sets forth claims against three defendants for retaliation, discrimination, and due process violations. (Doc. 1).

Plaintiff Villāgrān signed the Complaint and filed a Motion to Proceed *In Forma Pauperis* ("IFP") (Doc. 1, pp. 6-7); (Doc. 2). Plaintiff Lawrence did not sign the Complaint, nor has he filed an IFP Motion or paid the filing fee for this action. Under the circumstances, the Court deems it necessary to address several preliminary matters before completing a review of this case pursuant to 28 U.S.C. § 1915A.

## Group Litigation by Multiple Prisoners

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. However, the Court must admonish them as to the consequences of proceeding in this manner, including their filing fee obligations, and give them the opportunity to withdraw from the case or

1

sever their claims into individual actions.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the Seventh Circuit addressed the difficulties in administering group inmate Complaints. District courts are required to accept joint Complaints filed by multiple inmates *if* the criteria for permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." Nevertheless, a district court may turn to other civil rules to manage a multi-plaintiff case. For example, if appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decisions pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

In reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any inmate of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each inmate in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

The Seventh Circuit identified at least two other reasons an inmate may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are two plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs or other papers in the case will be two times greater than if there was a single plaintiff.

Second, an inmate litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. According to the Seventh Circuit, an inmate litigating jointly assumes those risks for all of the claims in the group Complaint, whether or not they concern him personally. Furthermore, if the Court finds that the Complaint contains unrelated claims against unrelated defendants, the unrelated claims may be severed into one or more new cases. If that occurs, the plaintiffs will be liable for another full filing fee for each new case.

Because not every inmate is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Seventh Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner *pro se* litigants face in joint *pro se* litigation, and "give them an opportunity to drop out." *Id.* at 856. Therefore, in keeping with this suggestion, since the Court designates Plaintiff Villāgrān as the "lead" plaintiff[1] in this case, the Court offers Plaintiff Lawrence an opportunity to withdraw from this litigation before the case progresses further. Plaintiff Lawrence may wish to take into consideration the following factors in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the Complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a

---

[1] This designation arises from the fact that Villāgrān was the only plaintiff to sign the Complaint (Doc. 1), the first plaintiff listed in the case caption, and the only plaintiff to file an IFP motion (Doc. 2) thus far.

3

> separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).[2]

Additionally, if the plaintiffs wish to continue this litigation as a group, any proposed amended complaint, motion, or other document filed on behalf of both plaintiffs must be signed by both of the plaintiffs. As long as the plaintiffs appear without counsel in this action, each plaintiff must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.[3] This is because a non-attorney cannot file or sign papers for another litigant. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement will be stricken pursuant to Rule 11(a).

## Pending Motion

Plaintiff Villāgrān has filed a Motion for Leave to Proceed IFP (Doc. 2), which will be addressed in a separate order of this Court.

Plaintiff Villāgrān has also filed a Motion for Attorney Representation (Doc. 3), which will also be addressed in a separate order of this Court.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff Denzil Lawrence must indicate his desire to

---

[2] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

[3] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). Moreover, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action).

proceed as a plaintiff in this action by submitting a copy of the Complaint, with his signature under the "Certification" section on page 7, **on or before May 16, 2018**. If, by that deadline, Lawrence does *not* return a signed Complaint, he will be dismissed from the lawsuit and will *not* be charged a filing fee for this action.[4] **This is the *only* way to avoid the obligation to pay a filing fee.**

      **IT IS ALSO ORDERED** that if Lawrence wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing by the **May 16, 2018,** deadline, and his claims shall be severed into a new action where a filing fee *will* be assessed. Lawrence must still submit a signed complaint compliant with the above instructions in order to avoid dismissal, even if he advises the Court that he wants his claims severed.

      **IT IS FURTHER ORDERED** that if Lawrence chooses to continue as a plaintiff either in this action or in a severed individual case, he is hereby **ORDERED** to pay his filing fee of $400.00 or file a properly completed IFP Motion on or before May 16, 2018. When a plaintiff files an IFP Motion, the Court must review that plaintiff's trust fund account statement for the six month period immediately preceding the filing of this action. Thus, if he files an IFP Motion, Lawrence must have the Trust Fund Officer at his facility complete the attached certification and provide a copy of his trust fund account statement (or institutional equivalent) for the period 10/12/2017 to 4/12/18. This information should be mailed to the Clerk of Court at the following address: United States District Court – Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201.

      **If Lawrence submits a signed Complaint but fails to timely submit a properly completed IFP Motion or filing fee, he *will* be obligated to pay the complete filing fee and**

---

[4] As the lead Plaintiff, Plaintiff Villāgrān may choose to voluntarily dismiss or sever his claims, but may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998).

**will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

The **CLERK** is **DIRECTED** to send a copy of this Order to each of the named plaintiffs and to send this Court's form motion to proceed *in forma pauperis* to Lawrence. To enable Lawrence to comply with this Order, the **CLERK** is also **DIRECTED** to return pages 1 through 8 of the Complaint to Lawrence.

Plaintiffs are **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the defendants. Further action by the plaintiffs is required before the Court can complete its preliminary review of this matter under 28 U.S.C. § 1915A. When this review is completed, a copy of the Court's order will be forwarded to each plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his or her address; the Court will not independently investigate a plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution as to any plaintiff that fails to comply. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 16, 2018**

s/ STACI M. YANDLE
United States District Judge