IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL ASAD VILLAGRAN, #834583, and DENZIL LAWRENCE, <br><br> Plaintiffs, <br><br> vs. <br><br> BRUCE WILLIAMS, WILL MILLER, and CHESTER MENTAL HEALTH CENTER, <br><br> Defendants. | Case No. 18-cv-915-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for case management. The action was originally filed on April 12, 2018 by two individuals incarcerated at Chester Mental Health Center. (Doc. 1). The Court entered a preliminary order in this matter on April 16, 2018, directing Plaintiff Lawrence to submit a signed Complaint along with a motion to proceed *in forma pauperis* ("IFP") or the filing fee for this case to the Court no later than May 16, 2018 in order to proceed as a plaintiff. *Id.* (Doc. 6). The deadline has now passed.

Plaintiff Lawrence did not submit a signed Complaint, the filing fee, or an IFP motion. He will therefore be dismissed from this action without prejudice and without the imposition of a filing fee, pursuant to this Court's Order at Doc. 6. Lead Plaintiff Villāgrān was not required to respond in order to remain in this action, so he will therefore continue in this suit.

**Pending Motions**

Plaintiff Villāgrān's IFP Motion (Doc. 2) and Motion for Attorney Representation (Doc. 3) will be addressed in a separate order of this Court.

1

Plaintiff Villāgrān filed a Motion to Add Defendants (Doc. 10) that is **DENIED**. The Court does not accept piecemeal amendments to a complaint, so to the extent Villāgrān wants to add allegations or defendants, he will need to seek leave to file an amended complaint in this action and do so in an amended complaint.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff **LAWRENCE** is **TERMINATED** from this action. His claims are **DISMISSED** without prejudice pursuant to this Court's Order at Doc. 6. This dismissal shall not count as a "strike" under 28 U.S.C. § 1915(g), and this plaintiff is **not** obligated to pay the filing fee for this action.

**IT IS FURTHER ORDERED** that Plaintiff **VILLĀGRĀN** will remain a plaintiff in this action. This plaintiff remains obligated to pay the filing fee for this action.[1]

Plaintiff Villāgrān is **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the defendants. When this review is completed, a copy of the Court's order will be forwarded to Plaintiff Villāgrān.

Plaintiff Villāgrān is also **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in his dismissal from this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

---

[1] As noted above, his IFP Motion will be addressed in a separate order of this Court. Further, effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

**IT IS SO ORDERED.**

**DATED: May 24, 2018**

s/ STACI M. YANDLE
United States District Judge
