# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL ASAD VILLAGRAN, #834583, and | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 18-cv-915-SMY |
| BRUCE WILLIAMS, WILL MILLER, and CHESTER MENTAL HEALTH CENTER, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Michāel Villāgrān, a detainee at Chester Mental Health Center ("CHMC"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Specifically, Plaintiff claims that the defendants retaliated against him in violation of his First Amendment rights for statements he made to another detainee. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

### **The Complaint**

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff advised a patient, Jesse Morrise, that "it is not wise to continue speaking to certain (STA's) that work the modules." (Doc. 1, p. 4). He used Defendant Bruce Williams as an example, claiming that he "becomes vindictive, belligerent, antagonizing, [and] harassing towards patients." *Id.* Plaintiff stated that he has witnessed Williams being argumentative, annoying, and cranky, with bouts of aggression, child-like emotional behavior and manners, and weak intimidation tactics. *Id.* He also stated that Williams' supervisors and co-workers allow him to behave this way because he has had his job for approximately 20 years. *Id.*

Williams was eavesdropping on this conversation during which Plaintiff told Morrise to "deal with problematic staff" by filing a complaint, keeping cool, remaining unaggressive, not being argumentative, and not letting them get to him. *Id.* Plaintiff told Morrise that the staff has "patients in a 4-point restraint when patients are most vulnerable, defenseless, [and] unable to

protect themselves from retaliation, violence, attack, aggression, [and] corporal punishment from [staff] who become their tormenters." (Doc. 1, p. 5). The rest of the staff turns a blind eye to this behavior, or allows it and laughs or smirks "like nothing serious has happened." *Id.* "It is well known amongst them and patients alike that nothing will change." *Id.* Plaintiff cited to "cover ups, denials, retaliation, [and] retribution if you dare speak out for patients and staff alike." *Id.* He stated that the administration does not hold staff accountable for this behavior. *Id.*

Plaintiff alleges that Defendants Bruce Williams and Will Miller retaliated against Plaintiff, D. Lawrence, and J. Morrise after Williams overheard Plaintiff's conversation with Morrise, in that "they only picked [their] 3 rooms to be shaken down and took items out of [their] rooms." *Id.* They then sent Ms. Jama Klausin to speak with Plaintiff, Lawrence, and Morrise, and she tried to "mislead, undermine, intimidate, discourage, [and] discredit [them] on the true nature of the rules and from voicing [their] concerns." *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

**Count 1 –** Defendants conducted a shakedown of Plaintiff's cell in retaliation for Plaintiff talking about CMHC staff with another patient, in violation of the First Amendment.

To the extent Plaintiff seeks to bring claims against individuals not included in the case caption, these individuals will not be treated as defendants in this case, and any claims against them should be considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d

551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption"). For example, Ms. Jama Klausin is mentioned in the Complaint but is not included in the case caption or list of defendants and will therefore not be considered a defendant in this case. Further, any claims not addressed herein should be considered dismissed without prejudice from this action as inadequately pleaded under the *Twombly* pleading standard.

As to Count 1, to establish a claim of retaliation, Plaintiff "must show that he engaged in a protected activity, he suffered a deprivation likely to prevent future protected activities, and there was a causal connection between the two." *Felton v. Huibregtse*, 525 F. App'x 484, 486 (7th Cir. 2013) (citing *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). The question of whether an inmate's speech is protected by the First Amendment is governed by the standard established in *Turner v. Safley*, 482 U.S. 78, 89 (1987), under which a prison regulation that impinges on prisoners' constitutional rights is valid if "reasonably related to legitimate penological interests." *Watkins*, 599 F.3d at 794-95 (citing *Bridges*, 557 F.3d at 551). However, "a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). *See also Brown v. Williams*, 2015 WL 7293508, No. 14 C 5347, at *3 (N.D. Ill. Nov. 19, 2015).

In this case, Plaintiff claims that Williams and Miller retaliated against him by shaking down his cell and taking items based on comments Plaintiff made to another patient about abuses at CMHC, including some abuses committed by Williams. These allegations are sufficient to state a retaliation claim against Williams and Miller at this stage, so Count 1 will proceed against them.

Insofar as CMHC is a named defendant, governmental entities cannot be held liable for

the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy. *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "The 'official policy' requirement for liability under § 1983 is to 'distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). As no policy or practice of CMHC has been sufficiently pled, CMHC will be dismissed without prejudice.

**Pending Motions**

Plaintiff's Motion for Attorney Representation (Doc. 3) is **REFERRED** to United States Magistrate Judge Reona J. Daly for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **WILLIAMS** and **MILLER**, and it is **DISMISSED** without prejudice against **CHESTER MENTAL HEALTH CENTER** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **CHESTER MENTAL HEALTH CENTER** is **DISMISSED** without prejudice from this action for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **WILLIAMS** and **MILLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's

place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than

**7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 19, 2018**

**s/ STACI M. YANDLE**
**U.S. District Judge**
